UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BURT BOBBY DANIELS,

          Plaintiff,

    v.

ASSOCIATE SUPERINTENDENT
HARRIS, *et al*.,

          Defendants.

CASE NO.  C09-5542RJB/JRC

ORDER RESETTING SCHEDULING ORDER, GRANTING PLAINTIFF DUMAS LEAVE TO AMEND, AND DENYING RECONSIDERATION OF THE ORDER CONSOLIDATING CASES

      This Title 42, §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4.

      The court has ordered a number of other cause numbers consolidated with this action (Dkt # 35).  Before the court, are three motions for reconsideration (Dkt. # 36, 39 and 40), and one motion to amend (Dkt. # 37).

      Dennis Dumas brings the motion to amend his complaint (Dkt. # 37).  The amended complaint raises substantially the same issues as the other cases by other plaintiffs and consolidation would still be proper.  Therefore, the motion is GRANTED.

ORDER - 1

Defendants seek reconsideration of the order consolidating the action only as to the scheduling order because they have not yet had time to complete discovery with all plaintiffs (Dkt. # 36). Modification of the scheduling order will alleviate that concern. Therefore, the motion is granted and the discovery schedule is modified as set forth below.

Plaintiffs Dumas and Mujahid also ask for reconsideration (Dkt. # 39 and 40). Both plaintiffs complain about the time line in the scheduling order (Dkt. # 39 and 40). Modification of the scheduling order, as set forth below, will also alleviate those concerns. Therefore, the motions are granted and the scheduling order is modified as set forth below.

Mr. Mujahid also argues that motions for summary judgment were pending in his case. In light of the consolidation, the motion for summary judgment and cross motion for summary judgment filed in Mujahid v. Harris, 09-CV-5601 will not be considered at this time in order to give all parties additional time to conduct discovery and prepare responses. The motions should be re-filed in accordance with the scheduling order below. The court will not consider the summary judgment motion pending in the Daniels case, (Dkt. # 29) in December, and the previous schedule (Dkt. # 35) is hereby modified. Any motions will be filed in accordance with the schedule set forth below. Defendants may re-file the motion if they decide to do so after conducting discovery.

Plaintiff Berry also raises a motion for clarification asking, in essence, what if the plaintiffs cannot agree regarding who will prepare the pleadings and "[w]hat if there is not consensus on the content of the motion?" (Dkt. 41, page 2). Plaintiff raises a valid concern. To the extent that plaintiffs can file a consolidated discovery request, motion or response to motion, then they are encouraged to do so. If any plaintiff believes that he has an issue that is different than the other defendants, or that the consolidated response does not adequately represent his

ORDER - 2

position, then he is entitled to file a separate response, following the same briefing schedule as applies to any other motions or pleadings.

The motions for reconsideration and clarification are in all other respects DENIED.

The scheduling order is modified as follows.

## Discovery

All discovery shall be completed by February 25, 2011. Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within thirty (30) days after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

## Motions

Any dispositive motion shall be filed and served on or before March 25, 2011. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar. That date shall be the fourth Friday following filing of the dispositive motion. All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit. The party making the motion may file not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits. The documents must indicate in the upper right-hand corner the name of the magistrate judge to whom the documents are to be delivered.

ORDER - 3

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998). Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

### Joint Status Report

Counsel and pro se parties are directed to confer and provide the court with a joint status report by no later than **June 24, 2011**. The joint status report shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3. A list of all exhibits to be offered into evidence at trial;

    4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

    5.  Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

    6. Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

    7.  Any other suggestions for shortening or simplifying the trial in this case;

    8.  The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

    9.  The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

    10.  Whether the trial will by jury or non-jury;

    11.  The number of trial days required, and suggestions for shortening trial;

    12.  The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

    If the parties are unable to agree on any part of the report, they may answer in separate paragraphs.  Separate reports are not to be filed.  Plaintiff's counsel (or plaintiff, if pro se) will be responsible for initiating communications for the preparation of the joint status report.

Proof of Service & Sanctions

    All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se). The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who

1  served the papers, or by any other proof satisfactory to the court.  Such proof of service shall

2  accompany both the original and duplicates filed with the Clerk.  Failure to comply with the

3  provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

The Clerk of Court is directed to send a copy of this Order to plaintiff.

DATED this 25th day of October 2010.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

ORDER - 6