UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BURT BOBBY DANIELS et al., | CASE NO. C09-5542RJB/JRC |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| CATHI HARRIS, et al., | |
| Defendants. | |

This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court on plaintiff Mujahid's motion for appointment of counsel (ECF No. 54).

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court can request counsel to represent a party, 28 U.S.C. § 1915(e) (1), the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both

ORDER - 1

the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

      Plaintiffs have demonstrated an adequate ability to articulate their claims pro se.  Both parties have motions for summary judgment before the court that will require consideration of the merits of the case.  Defendant's motion has been delayed since September of 2010, because of consolidation of these cases. To appoint counsel now would unreasonably delay consideration of the pending motions.  The motion to appoint counsel is **DENIED.**

      DATED this 25th day of January, 2011.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge