UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BURT BOBBY DANIELS, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>CATHI HARRIS, Associate Superintendant of Special Commitment Center, PAUL TEMPOSTY, Food Manager Special Commitment Center, GREGORY L. DUNCAN, Chaplain Special Commitment Center,<br><br>Defendants. | CASE NO. 09-5542RJB/JRC<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt. 77. The Court has considered the Report and Recommendation, objections, if any, and the record herein.

### I. **FACTS**

This consolidated case arises from accommodations the Special Commitment Center ("SCC") made for Muslim residents during the first six days of Ramadan in 2009. Dkt. 1. The

SCC is a mental health facility for civilly committed sex offenders. The Report and Recommendation contains the factual and procedural history of this consolidated case (Dkt. 77, at 1-7) and that history is adopted here by reference. Two of the six Plaintiffs, Hanif Abdullah Mujahid and John Berry, filed objections to the Report and Recommendation. Dkts. 78 and 79.

## II. DISCUSSION

### A. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Report and Recommendation should be adopted, Defendants' motion for summary judgment should be granted, and the case dismissed.

#### 1. Eleventh Amendment Immunity

"As the Supreme Court has applied the Eleventh Amendment, an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Pittman v. Oregon Employment Dept.,* 509 F.3d 1065, 1071 (9th Cir. 2007) (*internal quotations omitted*). Absent a waiver of Eleventh Amendment immunity, neither states nor state officials, acting in their official capacities, are subject to suit for damages under 42 U.S.C. § 1983 in federal court. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Sovereign immunity does not bar suits for prospective injunctive relief against individual state officials acting in their official capacity, however. *Pittman,* at 1071. Further, state officials, like those here, "sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo*, 502 U.S. 21, (1991).

To the extent that Plaintiffs seek monetary damages against the Defendants, in their official capacities, pursuant to 42 U.S.C. § 1983, their claims should be dismissed. Plaintiffs do

not allege that they are seeking prospective injunctive relief - they acknowledge that the situation was remedied after 6 days. Dkt. 71. Plaintiff Berry's objection to dismissal of the claims against Defendants in their official capacities misunderstands that the Eleventh Amendment does not bar claims against the Defendants in their individual capacities. To the extent that Plaintiffs are making claims against Defendants, in their individual capacities, Plaintiffs' claims should not be dismissed on Eleventh Amendment grounds. Defendants' motion for summary dismissal of the claims against them in their official capacities should be granted and the claims dismissed.

      2. <u>Claims for Violation of the First and Fourteenth Amendments Pursuant to § 1983 and Qualified Immunity</u>

The Report and Recommendation's recommendation, that Plaintiffs' claims for violations of their First and Fourteenth Amendment rights should be dismissed, should be adopted. As stated in the Report and Recommendation, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Through application of the qualified immunity doctrine, public servants avoid the general costs of subjecting officials to the costs of trial - distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *V-1 Oil Co. v. Smith*, 114 F.3d 854, 857 (9th Cir. 1997)(*internal citations omitted*). The immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Supreme Court established a two-part analysis in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), for determining whether qualified immunity is appropriate in a suit against a public official for an alleged violation of a constitutional right. *Boyd v. Benton County*, 374 F.3d 773, 778 (9th Cir. 2004), citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Although no longer mandatory, the

ORDER ON REPORT AND
RECOMMENDATION- 3

Supreme Court has recently held that it may be "beneficial" for a court required to rule upon qualified immunity to examine one or more of the *Saucier* factors. *Pearson v. Callahan*, 129 S.Ct. 808, (2009) (holding that the *Saucier* two-part analysis was no longer mandatory). Those factors are: (1) whether the official violated the plaintiff's constitutional rights on the facts alleged and (2) if there was a violation, whether the constitutional rights were clearly established. *Id.*

As stated in the Report and Recommendation, Plaintiffs fail to make any showing that they had either a First or Fourteenth Amendment right to a predawn meal in the facts alleged here. Further, even if Plaintiffs' could show that they had a constitutional right to such a meal, there is no showing that such a right was clearly established at the time of these events. Both Plaintiffs Mujahid and Berry object to the Report and Recommendation's recommendation that the Defendants be given qualified immunity. Dkts. 78 and 79. Their objections are addressed in the Report and Recommendation. Relevant to the inquiry here though, is that they again fail to provide any authority for their contention that their rights were clearly established. *Id*. As such, qualified immunity is appropriate.

Plaintiffs also argue that as civilly committed mental health residents, they should be "treated better than inmates." Dkt. 79 (*citing Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)). To the extent that they argue that their due process rights have been violated and that *Youngberg* applies here, their objections are without merit. Whether a civilly committed individual's "constitutional rights have been violated must be determined by balancing his liberty interests against the relevant state interests." *Youngberg,* at 322. Under *Youngberg,* the Court "must show deference to the judgment exercised by a qualified professional." *Id.* A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the

1 professional is such a substantial departure from accepted professional judgment, practice, or

2 standards as to demonstrate that the person responsible actually did not base the decision on such

3 a judgment." *Id.* at 323.

4     Here, the record contains ample evidence that in the SCC staff exercised their

5 professional judgment regarding the food that was provided to Plaintiffs during the first few days

6 of Ramadan in 2009. Plaintiffs failed to demonstrate a triable issue as to whether the treatment

7 they received represented a "substantial departure from accepted professional judgment."

8 *Youngberg,* at 323. Plaintiffs' claims should be dismissed.

9     3.  Claims Under RLUIPA

10     The Report and Recommendation should be adopted and to the extent that Plaintiffs

11 make claims under RLUIPA, they should be dismissed.

12     **B.  PLAINTIFF MUJAHID'S MOTION FOR SUMMARY JUDGMENT**

13     In his objections, Plaintiff Mujahid complains of having his case consolidated with the

14 other cases. Dkt. 78. He argues that he filed a motion for default/motion for summary judgment

15 in his case and the Court's response was to consolidate his case with the other cases and order

16 motions be made with the other cases. Dkt. 78, at 2.

17     Plaintiff Mujahis's objections should not bar adoption of the Report and

18 Recommendation. Pursuant to Western District of Washington Local Rule of Civil Procedure

19 40, "[t]he court may make such orders as may facilitate the prompt and just disposition of any

20 action." Plaintiff Mujahid does not provide a basis (other than to allege he was "prejudiced") for

21 opposing the consolidation of his case with the others. He provides no reason why his situation

22 differed from the other civilly committed residents of the SCC who were participating in

23 Ramadan in 2009. His objection to having his case consolidated should be rejected.

24

ORDER ON REPORT AND
RECOMMENDATION- 5

1    Moreover, Plaintiff Mujahid's objection that the Court did not consider the motion he
2 made before the case was consolidated is also without merit. In his originally filed motion,
3 Plaintiff Mujahid moves for a judgment on the liability of Defendants Duncan and Temposky for
4 the violation of his "religious civil rights." Dkt. 30 in *Mujahid v. Duncan, et al. Western District*
5 *of Washington* case number 09-5601 RJB. The Report and Recommendation addressed these
6 issues. As was the case with all the Plaintiffs in the consolidated cases, Plaintiff Mujahid failed
7 to cite any authority to show that his constitutional rights were clearly established, and made no
8 showing that Defendants were not entitled to qualified immunity in any of the pleadings he filed
9 in his original case. He also did not demonstrate that he was entitled to any other form of relief.

10    **C.  PLAINTIFF BERRY'S MOTION FOR ATTORNEY'S FEES**

11    Plaintiff Berry requests attorney's fees. Plaintiff Berry's motion for attorney's fees
12 should be denied because he is not a prevailing party and because pro se litigants, who are not
13 attorneys, are not entitled to an award of attorney's fees. *Gonzalez v. Kangas,* 814 F.2d 1411
14 (9th Cir. 1987).

15    **III.    ORDER**

16    It is **ORDERED** that:

17    - The Report and Recommendation (Dkt. 77) is **ADOPTED;**

18    - Plaintiffs' claims are **DISMISSED**;

19    - Plaintiff Mujahid's Summary Judgment (Dkt. 30 in *Mujahid v. Duncan, et al.*
20       *Western District of Washington* case number 09-5601 RJB) is **DENIED**;

21    - Plaintiff Berry's motion for attorney's fees is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to Judge Creatura, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of April, 2011.

_____
ROBERT J. BRYAN
United States District Judge